IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD LAWRENCE FRIEMAN *
                                              *
                                              *
                                              *     Civil No. JFM-09-2903
                                              *
FLIPPING FOR PHONICS, INC.        *
                                         *****

MEMORANDUM

Defendant has filed a motion to dismiss this action for lack of personal jurisdiction.  The

motion will be granted.

Defendant is a small business whose only office is in Boca Raton, Florida.  Defendant

produces and markets children's books and other educational materials.  Plaintiff's mother

informed Ellen Steiner, the vice president of defendant, that plaintiff was an illustrator.  In 2007,

at a gathering in Florida hosted by plaintiff's mother, Steiner approached plaintiff and told him

that defendant was looking for someone to provide illustrations and stories for reading materials

to be used in connection with a product being developed by defendant.  Plaintiff gave Steiner his

contact information.

In October 2007, Steiner sent defendant an email describing the nature of plaintiff's

contemplated relationship with defendant.  Specifically, the email stated that plaintiff would send

"art work, illustrations, and written workboards" to Florida to be used in connection with

defendant's materials.  Plaintiff signed the email and faxed it to defendant.  Steiner signed and

accepted the document on defendant's behalf in Florida.

None of defendant's representatives have ever visited Maryland for business reasons, and

defendant has no offices, employees, or bank accounts in Maryland.  Plaintiff did perform some

1

work for defendant, including attending a conference in the District of Columbia, for which he

was compensated by checks sent to Maryland.  However, ultimately defendant concluded that

plaintiff's style was inconsistent with its product and informed plaintiff that defendant would not

be using any of his work in its books and materials.  Plaintiff then instituted this action based on

the October 2007 email, seeking recovery for 25% of defendant's profits for an unspecified

period.

      Plaintiff relies upon §6-103(b)(1) of the Maryland long arm statute as a basis for asserting

personal jurisdiction over defendant.  That provision provides that "a [Maryland] court may

exercise personal jurisdiction over a person, who directly or by an agent . . . transacts any

business or performs any character of work or service in the State."  Maryland Courts and

Judicial Proceedings Art. §6-103(b)(1).  Plaintiff argues that defendant's initiation of contact

with plaintiff, entering into an agreement with him, sending emails to him in Maryland, and

contacting him on numerous occasions by telephone is sufficient to constitute "transact[ing]

business in Maryland.  This argument has no merit whatsoever.  Although a vice president

defendant did approach plaintiff about a possible relationship between plaintiff and defendant,

she did so after having been informed by plaintiff's mother that plaintiff was an illustrator.  More

importantly, the contact was made not in Maryland but in Florida.  The October 2007 email was

executed by defendant in Florida, and plaintiff has cited no authority to support the proposition

that merely sending emails to someone in Maryland or placing telephone calls to him in

Maryland from out of state meets the transaction of business test.

      Further, to the extent that plaintiff relies upon his own work that he did for defendant in

Maryland, his position was rejected by the Maryland Court of Special Appeals in *Zavian v.*

*Foudy*, 130 Md. App. 689 (2000).  There, the court expressly stated that a person's performance

of professional services in Maryland would not support the assertion of personal jurisdiction over the corporation or other person for whom plaintiff performed the work in an action between the two. *Id*. at 700. Moreover, plaintiff has alleged no facts that would support an inference or a conclusion that he was defendant's "agent," as opposed to an independent contractor. To accept his argument would, in effect, subject an out of state defendant to jurisdiction in Maryland solely because of plaintiff's unilateral activities in Maryland, regardless of the nature of the relationships between the plaintiff and the defendant and the total absence of any other contacts between defendant and Maryland.

A separate order granting defendant's motion and dismissing this action for lack of personal jurisdiction is being entered herewith.


DATE:   March 4, 2010                    ___/s/_____
                                         J. Frederick Motz
                                         United States District Judge